# Exhibit 7

Dr. Freeman's appeal of the Census Burea's response to his May 30, 2025 request for the ACS SOGI Test (Cognitive Testing) Report

COLUMBIA

Jonathan B. Freeman, Ph.D.
*Associate Professor of Psychology*

June 19, 2025

Kardesha N. Bradley
Assistant General Counsel for Employment, Litigation, and Information
Room 5896
U.S. Department of Commerce,
14th and Constitution Avenue, N.W.
Washington, D.C. 20230

**RE: Freedom of Information Act Appeal**
**FOIA Request Number: DOC-CEN-2025-000402**

Dear Ms. Bradley:

I am writing to appeal the U.S. Census Bureau's denial of my FOIA request (**DOC-CEN-2025-000402**), in which I sought "a copy of all non-data elements from the American Community Survey (ACS) Sexual Orientation and Gender Identity (SOGI) Cognitive Testing Report, produced by RTI International in or around November 2024".

My request explicitly excluded any "data tables, verbatim respondent quotes, or other data elements that may be protected from disclosure under Title 13." I also clearly stated that "because the data and non-data elements of the report are reasonably segregable, I request that all non-exempt, non-data elements be segregated and released pursuant to 5 U.S.C. § 552(b)." However, the Census Bureau denied my request in full under Exemption 3 because "information responsive to [my] request contains information that is protection [sic] by Title 13, United States Code, Section 9, which requires that Census records be used solely for statistical purposes and makes these records confidential."

The Census Bureau's categorical denial fails to meet FOIA's requirement to segregate and release all non-exempt portions of a record. As you know, this duty to segregate is not discretionary. Under 5 U.S.C. § 552(b), "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." The U.S. Supreme Court has long affirmed this obligation. See *EPA v. Mink*, 410 U.S. 73, 91 (1973); *U.S. Dep't of Justice v. Julian*, 486 U.S. 1, 11 (1988).

It is reasonable to assume that the Census Bureau may be declining to disclose even non-exempt material because the report contains references to "gender identity," in potential deference to Executive Order (EO) 14168, which bars the use of such language in agency materials. However, while the requested record does contain such language, EO 14168 is not a valid legal basis for withholding records under FOIA. Exemption 3 applies only where disclosure is specifically prohibited by statutory law, not an executive order. Federal courts have consistently held that changes in executive branch policy do not override an agency's statutory mandates to disclose factual material under FOIA. See *Milner v. Dep't of the Navy*, 562 U.S. 562, 573 (2011); *Ctr. for Biological Diversity v. U.S. Army Corps of Engineers*, 941 F.3d 1288, 1295 (11th Cir. 2019).

COLUMBIA UNIVERSITY DEPARTMENT OF PSYCHOLOGY

Schermerhorn Hall Office: 368 Lab: 352 1180 Amsterdam Avenue New York, NY 10027 Phone: 212-853-4317 Email: jon.freeman@columbia.edu

The narrow information I have requested consists solely of non-data narrative content describing cognitive testing methodology and results that is factual, non-deliberative, and plainly segregable. It does not contain numerical values, verbatim respondent quotes, or data tables protected under Title 13. Such descriptive content is commonly released in the Census Bureau's methodological testing reports and does not meet the threshold for categorical exemption. The mere presence of gender-related language in the record does not justify its wholesale withholding or relieve the Census Bureau of its obligation under 5 U.S.C. § 552(b) to segregate and release all non-exempt material.

Additional legal concerns arise from the withholding of this record. As a federal statistical agency, the Census Bureau is subject to the requirements of the Foundations for Evidence-Based Policymaking Act (Evidence Act), which mandates that agencies retain and make accessible all data assets generated through OMB-approved information collections. OMB Memorandum M-19-23 and the Trust Regulation further require the Census Bureau to maximize public access to the scientific findings from these assets, free from political interference. The requested report was produced under OMB Control # 0607-0936 and therefore constitutes a data asset under the Evidence Act. The wholesale withholding of the findings in this asset raises concerns of selective suppression and political interference in potential violation of the Evidence Act's transparency and integrity provisions.

For these reasons, I respectfully request that the Census Bureau reprocess my FOIA request and release all reasonably segregable, non-exempt portions of the ACS SOGI Cognitive Testing Report.

Please respond to this appeal within the statutory time frame set forth in 5 U.S.C. § 552(a)(6)(A)(ii). If the appeal is denied, I reserve the right to seek judicial review under 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Jonathan B. Freeman, Ph.D.
Associate Professor of Psychology
Columbia University