# Exhibit 10

Dr. Freeman's appeal of the Census Burea's response to his July 21, 2025 request for the ACS SOGI Test (Field Testing) Data

COLUMBIA

Jonathan B. Freeman, Ph.D.
*Associate Professor of Psychology*

August 4, 2025

Kardesha N. Bradley
Assistant General Counsel for Employment, Litigation, and Information
Room 5896
U.S. Department of Commerce
14th and Constitution Avenue, N.W.
Washington, D.C. 20230

**RE: Freedom of Information Act Appeal**
**FOIA Request Number: DOC-CEN-2025-000470**

Dear Ms. Bradley:

I am writing to appeal the U.S. Census Bureau's denial of my FOIA request (**DOC-CEN-2025-000470**), in which I sought a copy of the de-identified self-response data and web paradata associated with individual respondents (i.e., microdata) in the American Community Survey (ACS) Sexual Orientation and Gender Identity (SOGI) Test. The Bureau denied my request in full under Exemption 3 on the basis that the data are protected by Title 13 and therefore confidential.

**Title 13 Permits Release with Safeguards: DRB Is the Established Process for Applying Them**

Title 13 does not categorically prohibit the release of microdata, and the Bureau's blanket denial is an improper application of Exemption 3. While § 9(a) prohibits the disclosure of personally identifiable information, § 8(b) explicitly authorizes the release of statistical data provided that appropriate confidentiality safeguards are applied. The Bureau regularly implements these safeguards through the Disclosure Review Board (DRB), which serves as its established mechanism for preparing public releases of data, tabulations, and research outputs, as outlined in Policy DS025.

In this case, the requested data are analogous to 1-year ACS Public Use Microdata Sample (PUMS) files, which the Bureau routinely releases after applying disclosure avoidance protocols, such as noise infusion and data suppression, conducted by the DRB. My FOIA request explicitly recommended that the data be routed through the DRB to protect respondents' confidentiality before release. Refusing to initiate this standard review process and, instead, withholding the records in their entirety constitutes an unlawful denial under FOIA. Because the DRB process is the only established method for applying the confidentiality safeguards authorized by § 8(b), the Bureau's failure to engage it where it is necessary violates both the letter and the spirit of the statute.

**Census Bureau Cannot Withhold Records Solely Because DRB Review Has Not Yet Occurred**

Under FOIA, agencies are required to disclose all reasonably segregable, non-exempt portions of a record per 5 U.S.C. § 552(b), an obligation that has long been affirmed by the courts. For example, in *EPIC v. DHS*, 384 F. Supp. 2d 100, 111 (D.D.C. 2005), the court made clear that an agency cannot justify withholding an entire record simply by showing that part of it is exempt. In the context of microdata, this duty requires the Census Bureau to process data that may contain personally

identifiable information by applying its standard disclosure avoidance protocols. Courts have consistently held that this obligation extends beyond simple redaction and includes any affirmative technical steps necessary to make the non-exempt material disclosable. For instance, in *National Security Counselors v. CIA*, 960 F. Supp. 2d 101, 161 (D.D.C. 2013), the court emphasized that even where disclosure requires significant effort or technical processing, the agency is not relieved of its duty to release non-exempt content. Because the DRB is the established mechanism by which the Bureau applies its disclosure avoidance protocols, initiating DRB review is necessary to satisfy FOIA's core requirement to segregate and disclose non-exempt information.

**Census Bureau Has Routinely Initiated DRB Review to Comply with FOIA in Similar Instances**

In past litigation, the Census Bureau itself has affirmed its standard protocol of initiating DRB review in response to FOIA requests for data. In *Fair Lines America Foundation v. U.S. Census Bureau*, No. 1:21-cv-01361 (D.D.C. 2021), the Bureau made clear that DRB review is a standard and necessary process used for releasing data in response to FOIA requests and other legally compelled productions. Similarly, in response to two of my own prior FOIA requests in 2024 (*DOC-CEN-2024-000449*, *DOC-CEN-2024-000487*), the Bureau initiated DRB review of the data I requested and released the DRB-cleared versions to both comply with FOIA and meet its Title 13 obligations.

Courts have long held that agencies must follow their own FOIA procedures consistently and treat similar cases alike, as in *Mead Data Central v. U.S. Dep't of Air Force*, 566 F.2d 242, 258 (D.C. Cir. 1977). If the Bureau is now declining to engage the DRB solely because it disfavors the release of this particular dataset – despite a clear precedent of submitting other datasets to the DRB – such selective treatment would not only undermine FOIA's intended purpose but could also constitute "arbitrary and capricious" action under the Administrative Procedure Act (5 U.S.C. § 706(2)(A)).

**Unlawful Withholding of the Requested Data Likely Reflects Improper Political Interference**

It is reasonable to assume that the Census Bureau is declining to submit the data to the DRB and withholding the dataset in its entirety because it contains information related to gender identity, in potential deference to Executive Order (EO) 14168, which bars the use of such information in agency materials. However, while the requested record does contain such data, EO 14168 is not a valid legal basis for withholding records under FOIA. Exemption 3 applies only where disclosure is specifically prohibited by statutory law, not an executive order. Courts have consistently held that changes in executive branch policy do not override an agency's statutory mandates to disclose factual material under FOIA. See *Milner v. Dep't of the Navy*, 562 U.S. 562, 573 (2011); *Ctr. for Biological Diversity v. U.S. Army Corps of Engineers*, 941 F.3d 1288, 1295 (11th Cir. 2019).

Other federal laws reinforce the Bureau's obligation to make the requested data accessible. The Bureau is subject to the Foundations for Evidence-Based Policymaking Act (Evidence Act), which mandates that agencies retain and make accessible all data assets generated through OMB-approved information collections. OMB Memorandum M-19-23 and the recent Trust Regulation have affirmed that the Bureau is legally required to make such data publicly accessible to the greatest extent possible and protect its data assets from political interference. The requested data were collected under OMB Control # 0607-0936 and therefore constitute a federal data asset under the Evidence Act. The wholesale withholding of this asset – under the pretext of Title 13 obligations that are readily addressed through standard DRB review – raises concerns of selective suppression and political interference in likely violation of the Evidence Act's transparency and integrity provisions.

COLUMBIA UNIVERSITY DEPARTMENT OF PSYCHOLOGY

Schermerhorn Hall Office: 368 Lab: 352 1180 Amsterdam Avenue New York, NY 10027 Phone: 212-853-4317 Email: jon.freeman@columbia.edu

**Conclusion**

For these reasons, I respectfully request that the Census Bureau: 1) submit the requested data to the DRB to conduct the Bureau's standard disclosure avoidance protocols (e.g., noise infusion, data suppression) to comply with 13 U.S.C. §§ 8–9, 5 U.S.C. § 552(b), other federal laws, and the Bureau's longstanding policies and precedents; and 2) release the disclosure-protected, non-exempt portions of the requested data following such DRB review.

Please respond to this appeal within the statutory time frame set forth in 5 U.S.C. § 552(a)(6)(A)(ii). If the appeal is denied, I reserve the right to seek judicial review under 5 U.S.C. § 552(a)(4)(B).

Sincerely,

JBFreeman

Jonathan B. Freeman, Ph.D.
Associate Professor of Psychology
Columbia University