**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

August 26, 2026

**BY ECF**

The Honorable Lewis J. Liman
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

*Re:* *Freeman v. U.S. Census Bureau*, No. 25 Civ. 7834 (LJL)

Dear Judge Liman:

This Office represents Defendants U.S. Department of Commerce and U.S. Census Bureau in the above-referenced case brought pursuant to the Freedom of Information Act ("FOIA"). We write respectfully in response to the Court's August 13, 2026 and August 19, 2026 Orders, which directed the Government to deliver to chambers two copies of a draft report prepared by RTI International for the U.S. Census Bureau, "ACS SOGI Cognitive Testing Report" ("RTI Report").

Title 13, Section 9(a) broadly mandates the nondisclosure of Census data. Specifically, it prohibits the Department of Commerce and the Census Bureau from, among other things, "mak[ing] any publication whereby the data furnished by a particular establishment or individual under this title can be identified" and "permitting anyone other than the sworn officers and employees of the Department or bureau or agency thereof to examine the individual reports." 13 U.S.C. § 9(a)(2)–(3). Courts have historically understood these restrictions to be quite broad. *See, e.g.*, *Baldrige v. Shapiro*, 455 U.S. 345 (1982); *McNichols v. Klutznick*, 644 F.2d 844, 846 (10th Cir. 1981) (rejecting a narrow construction of the word "publication" and concluding that it "obviously means disclosure to anyone other than those persons authorized in the statute itself"). Moreover, Title 13 attaches criminal liability to violations of these restrictions. *See* 13 U.S.C. § 214. That said, the Secretary of Commerce is generally free to share Title 13-protected data with individuals who are specially "sworn to observe the limitations imposed by section 9." 13 U.S.C. § 23(c). Defendants also may disclose materials that have been reviewed, adjusted as necessary, and approved by the Census Bureau's Disclosure Review Board—a process that is described in the declaration previously submitted by Defendants at ECF No. 42.

As explained in Defendants' prior briefing, the RTI Report contains information protected under 13 U.S.C. § 9(a), including respondents' answers to survey questions, quotations from respondents, information about respondents' personal experiences, and summary data such as recruiting information and respondent demographics. *See* ECF No. 40 at 16. Defendants therefore understand the Report, in its current form, to be covered by the restrictions of Title 13.

Mindful of these concerns, Defendants respectfully propose two potential options for the Court's consideration and respectfully request that the Court advise Defendants on how it would like them to proceed under the Court's Orders.

First, Defendants propose that, prior to *in camera* review, Defendants coordinate with the Court to ensure that any Court staff members who will be reviewing the Report obtain special sworn status, consistent with 13 U.S.C. § 23. If the Court prefers this approach, Defendants respectfully request that the Court provide a point of contact in chambers.

Alternatively, Defendants propose that they provide to the Court a version of the report that has undergone review by the Disclosure Review Board. While, as explained in prior briefing, *see* ECF Nos. 40-42, FOIA does not require that Defendants undertake this process, Defendants swiftly initiated the process in response to the Court's August 13 and August 19 Orders. Defendants expect that process to be completed, on an expedited basis, by tomorrow, August 27—the deadline set by the Court. To be clear, as explained in ECF No. 42, the Disclosure Review Board's review could result in changes being made to the Report to avoid disclosing the data of any particular establishment or individual. Plaintiffs have advised that they would accept a version of the RTI Report that did not include any information that is protected from release by the above-cited confidentiality provisions of Title 13. And irrespective of any changes made by the Disclosure Review Board, the review process would result in the creation of a version of the report that would not be subject to Exemption 3. At that point, therefore, the only issue left for the Court to adjudicate would be Defendants' assertion that the report is subject to Exemption 5 because it is covered by the deliberative process privilege. Plaintiff provided the following position on this proposal: "Plaintiff does not object to Defendants' proposal to send the Report through expedited review by the Disclosure Review Board to protect Title 13 information and will not oppose a motion by Defendants' requesting the Court's permission to do this. Plaintiff does not agree that doing so requires amendment of the existing FOIA request, as Plaintiff's position, discussed in the parties' briefing, is that such measures are appropriate FOIA segregation rather than creation of a new record. Plaintiff also understands that Defendants do not intend to alter or resolve the existing comments and suggested edits, which Defendants cited in support of their disputed assertion of Exemption 5 to withhold the Report."

We thank the Court for its consideration of this request.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: s/ *Rachael Doud*
RACHAEL DOUD
Assistant United States Attorney
86 Chambers St., 3rd Floor
New York, New York 10007
(212) 637-2699

cc: All counsel of record (via ECF)