**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

October 1, 2026

**BY ECF**
The Honorable Lewis J. Liman
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

*Re:* *Freeman v. U.S. Census Bureau*, No. 25 Civ. 7834 (LJL)

Dear Judge Liman:

This Office represents Defendants U.S. Census Bureau and U.S. Department of Commerce in the above-referenced case brought pursuant to the Freedom of Information Act ("FOIA"). In an opinion and order dated September 25, 2026 (Dkt. No. 52 ("Opinion")), the Court denied Defendants' motion for summary judgment and granted plaintiff Jonathan B. Freeman's cross-motion for summary judgment with respect to a draft report prepared by contractor RTI International (the "RTI Report") and the field names and column headings of the self-response file Plaintiff also requested. The Court directed Defendants to disclose these materials within two weeks of the order, *i.e.*, by October 9, 2026.

We write respectfully to request that the Court stay its disclosure order for 60 days from the date of the disclosure order, until Tuesday, November 24, 2026, to allow the government time to determine whether to appeal from the order. *See* 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B) (providing the government 60 days to appeal). Plaintiff does not oppose this request.

A stay pending the government's determination whether to appeal is warranted. Courts consider four factors when considering a stay application: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re World Trade Ctr. Disaster Site Litigation*, 503 F.3d 167, 170 (2d Cir. 2007). With respect to the first factor, where the balance of equities strongly favors a stay, the government need only "present a substantial case on the merits" to obtain a stay. *LaRouche v. Kezer*, 20 F.3d 68, 72-73 (2d Cir. 1994); *see also Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979) ("appellants need not show an absolute probability of success in order to be entitled to a stay" of FOIA disclosure order; granting stay where government demonstrated its appeal had "potential merit" and "serious legal questions" were presented).

Here, the second factor overwhelmingly favors a stay. The irreparable injury standard for obtaining a stay is satisfied "[w]here, as here, the denial of a stay will utterly destroy the status quo . . . but the granting of a stay will cause relatively slight harm to appellee." *Providence Journal Co.*, 595 F.2d at 890. "Particularly in the FOIA context, courts have routinely issued stays where the release of documents would moot a defendant's right to appeal." *People for American Way Foundation v. Dep't of Education*, 518 F. Supp. 2d 174, 177, 179 (D.D.C. 2007); *see HHS v. Alley*, 129 S. Ct. 1667 (2009) (Thomas, J., in chambers) (staying FOIA disclosure pending disposition of appeal); *John Doe Agency v. John Doe Corp.*, 488 U.S. 1306, 1309 (1989) (Marshall, J., in chambers) (denial of stay of FOIA order would cause mootness and thus irreparable injury). Stays are necessary where a court has ordered disclosure under FOIA because "once there is disclosure" in a FOIA matter, "the information belongs to the general public," *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004)), and any protection the government has against disclosure is rendered meaningless and any appeal moot. That alone is a powerful reason to grant a stay. *Nat'l Immigration Project of the Nat'l Lawyers Guild v. DHS*, 842 F. Supp. 2d 720, 733 (S.D.N.Y. 2012) ("failure to stay the [FOIA] disclosure required by the Order would cause the Government irreparable injury if the ruling was erroneous"). Put simply, "[d]isclosure followed by appeal after final judgment is obviously not adequate in such cases—the cat is out of the bag." *In re Papandreou*, 139 F.3d 247, 251 (D.C. Cir. 1998).

Requiring Defendants to disclose the RTI Report and self-response file field names and column headings on the Court's expedited timeframe will irreparably harm the government by effectively eviscerating its right to appeal. The Solicitor General must authorize any appeal by the government. *See* 28 C.F.R. § 0.20(b). In deciding whether to do so in a case such as this one, the Solicitor General seeks input from a number of components of the Department of Justice, including the United States Attorney's Office handling the case, as well as other interested federal agencies, including the Census Bureau and Department of Commerce in this case. This need for extensive consultation and high-level decision-making is why Congress has afforded the government, unlike other litigants, 60 days in which to notice an appeal. 28 U.S.C. § 2107(b). The fourteen days provided by the Court's disclosure order would not allow sufficient time for the relevant government components to make considered recommendations and for the Solicitor General to determine whether to authorize appeal.

Other factors also support a stay. First, Defendants respectfully submit that there is a substantial likelihood of success on the merits of any appeal. In the Opinion, the Court agreed that the RTI Report is properly considered an intra-agency memorandum and that it is pre-decisional. Opinion at 16-17. Further, while the Court held that some portions of the RTI Report were factual in nature and Defendants had not met their burden to show that those portions could not be reasonably segregated, *id.* at 20, it recognized that certain portions of the report are "deliberative" and "would expose the agency's decisionmaking," *id.* at 23. Moreover, while the Court held that Defendants failed to establish that disclosure of the contents of the report would cause foreseeable harm to the interests protected by Exemption 5, *id.* at 28, Defendants respectfully submit that the materials they submitted in support of their motion for summary judgment and in opposition to Plaintiff's motion are sufficient to establish that disclosure of the RTI Report would cause foreseeable harms, including the risk of public confusion and a chilling effect on Census Bureau employees and contractors' willingness to share candid opinions and recommendations in the future. Declaration of Elizabeth Poehler dated January 12, 2026, Dkt. No. 29, ¶¶ 19-21;

Declaration of Elizabeth Poehler dated March 6, 2026, Dkt. No. 41, ¶¶ 17-19. On appeal, the government is likely to succeed in establishing that, on these facts, the RTI Report is subject to the deliberative process privilege. As to the self-response file, Plaintiff's request explicitly sought a file consisting of raw Census response data. The Court agreed with Defendants that the response file contains raw Census data that is prohibited from disclosure. Opinion at 35. While the Court held that Defendants could segregate and provide Plaintiff with the field names and column headings of the file while removing all of the actual response data, as the government explained in its opposition brief, removing all of the actual data goes far beyond the redaction or deletion typically undertaken by agencies in responding to FOIA requests. Dkt. No. 40 at 15. As to both categories of information the Court ordered Defendants to disclose, the government can at least "present a substantial case on the merits," which, considering the "balance of equities," including the certainty of irreparable harm, supports a stay. *LaRouche*, 20 F.3d at 72-73.

The public interest also favors a stay. As a general matter, although FOIA provides for disclosure, it also "expressly recognizes that important interests are served by its exemptions, and those exemptions are as much a part of FOIA's purposes and policies as the statute's disclosure requirement." *Food Marketing Institute v. Argus Leader Group*, 139 S. Ct. 2356, 2366 (2019) (citations, quotation marks, and alterations omitted). The deliberative process privilege, in particular, implicates important public interests: it "is designed to promote the quality of agency decisions by preserving and encouraging candid discussion among officials." *Nat'l Council of La Raza v. DOJ*, 411 F.3d 350, 356 (2d Cir. 2005). The public would therefore benefit from appellate review of this Court's interpretation of the scope of the privilege. *Cf. Nat'l Immigration Project*, 842 F. Supp. 2d at 733 ("while the Court agrees with plaintiffs that the public has a substantial interest in receiving the information here at issue, the public also has an interest in having disclosures of secretive government documents reviewed by an appellate court").

Against the weight of these factors, any injury Plaintiff could articulate is insufficient to tip the balance. The only possible prejudice to Plaintiff arising from a stay is the passage of time, but that is easily outweighed by the harm to the government resulting from the compromise of its appellate rights and the release of potentially exempt material. *See Providence Journal Co.*, 595 F.2d at 890 ("Weighing [the postponement of disclosure] against the total and immediate divestiture of appellants' rights to have effective review in this court, we find the balance of hardship to favor the issuance of a stay.").

For these reasons, the Court should stay its disclosure order for 60 days to allow the government time to determine whether to appeal.

We thank the Court for its consideration of this request.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: /s/ *Rachael Doud*
RACHAEL DOUD
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2699
rachael.doud@usdoj.gov
*Counsel for Defendants*

cc: Counsel for plaintiff (by ECF)